1
2
3
4
5
6
7            **UNITED STATES DISTRICT COURT**

8                    EASTERN DISTRICT OF CALIFORNIA

9
| | | |
|---|---|---|
| WILLIE SCOTT, | ) | 1:08-cv-01376-OWW-TAG HC |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| v. | ) | TO DISMISS PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS (Doc. 1) |
| MATTHEW CATE, et al., | ) | ORDER DIRECTING THAT OBJECTIONS BE |
| Respondents. | ) | FILED WITHIN TWENTY DAYS |

        Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254. On August 20, 2008, Petitioner filed his petition in this Court.

(Doc. 1).

        Petitioner raises two grounds for relief in his petition: (1) Respondent has a legal duty to

comply with the requirements of the Administrative Procedure Act ("APA") and California Penal

Code § 5058; and (2) a request for declaratory relief that Respondent must comply with the APA

and § 5058. (Doc. 1, pp. 8-9). Petitioner's complaints apparently arise out of the use of an

anonymous complaint, transmitted through the internal mail system of the prison, accusing

Petitioner of some unspecific conduct. (Doc. 1, pp. 6-7). At another point, Petitioner complains

that a prison correctional officer, Sgt. Hill, "used her prestige and influence inter alia to harass

and rearrange my property in an adverse way." (Id. at p. 11). The petition seeks issuance of a

writ of mandate or prohibition, issuance of an order to show cause, and issuance of an order

requiring Sgt. Hill to "stop harassing and rearranging petitioner's property," and to "refrain from

retaliation towards petition for using his rights to petition the court requesting intervention."
(Doc. 1, p. 14).

## DISCUSSION

A. <u>The Court Lacks Habeas Jurisdiction</u>

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; <u>see</u> also <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991)(quoting <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-42 (1991); <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner complains that Respondent, through various correctional staff, including Sgt. Hill, responded inappropriately to an unspecified incident that occurred in Petitioner's housing unit, resulting in the removal of Petitioner from his housing unit and his reassignment to the gym for housing. (Doc. 1, p. 23). Petitioner claims that his constitutional rights were violated by the harassment he has endured at the hands of various prison staff, specifically Sgt. Hill's "rearranging" of Petitioner's personal effects during a search. Although Petitioner obliquely refers to some kind of disciplinary proceeding, he provides no further details and does not allege that his sentence has been adversely affected by any disciplinary action by Respondent. Petitioner seeks as a remedy the issuance of orders from this Court requiring Respondent and its staff, particularly Sgt. Hill, to comply with the APA and to stop harassing him.

Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement. Hence, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

B. Petitioner Has Failed To Comply With The Court's Orders

On September 15, 2008, after the case had been transferred to the Fresno Division of this Court, the Clerk of the Court issued documents that required Petitioner to complete a form indicating whether he consented to the jurisdiction of the Magistrate Judge. (Doc. 5). Petitioner was told to respond within thirty days, or by October 20, 2008. He did not respond in any way. Accordingly, the Court issued a second order to complete a consent form and gave Petitioner until January 5, 2009 to respond. (Doc. 6). Again, he did not respond. (See Docket, generally).

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-1261 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since August 20, 2008. The third factor, risk of prejudice to Respondents,

also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is outweighed by the factors in favor of dismissal discussed herein.

## RECOMMENDATIONS

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus (Doc. 1), be DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief, and for Petitioner's failure to comply with the Court's order.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **April 2, 2009**                                    **/s/ Theresa A. Goldner**
                                                         UNITED STATES MAGISTRATE JUDGE

4